IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BEVERLY PEACE, as Legal Guardian and Next of Friend of OKP, a Minor Child, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 121-136 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Beverly Peace, on behalf of OKP, appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act.  Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

I.      **BACKGROUND**

On January 18, 2019, Plaintiff applied for SSI on behalf of Claimant, alleging disability from attention deficit hyperactivity disorder, asthma, a dislocated hip, and possible autism and related complications, with a stated onset date of November 8, 2012.  Tr. ("R."), pp. 20, 194, 228.

At the time of the application under review, Claimant was six years old, and she was eight years old at the time the Administrative Law Judge ("ALJ") issued the opinion under consideration.  R. 28, 194.   The Social Security Administration denied Claimant's application initially and on reconsideration.  R. 95, 108, 121, 128.  Plaintiff requested a hearing before the ALJ, R. 134-36, and the ALJ held a hearing on September 29, 2020.  R. 34-94.  At the hearing, the ALJ heard testimony from Plaintiff, who appeared with an attorney, Claimant, and Claimant's uncle Roscoe Peace.  Id.  On January 26, 2021, the ALJ issued an unfavorable decision.  R. 20-28.

Applying the three-step sequential process required by 20 C.F.R. § 416.924(a), the ALJ found:

1. The claimant has not engaged in substantial gainful activity since January 18, 2019, the application date (20 C.F.R. §§ 416.924(b) and 416.971 *et seq*.).

2. The claimant has the following severe impairments: asthma, bilateral hip dysplasia, attention deficit hyperactive disorder (ADHD) and borderline intellectual functioning (20 C.F.R. § 416.924(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. §§ 416.924(d) and 416.926(a)).  Thus, the claimant has not been disabled, as defined by the Social Security Act, since January 19, 2019, the date the application was filed  (20 C.F.R. § 416.924(a)).

R. 21-28.

When the Appeals Council ("AC") denied Plaintiff's request for review on July 14, 2021, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review.  42 U.S.C. § 405(g).  Plaintiff then filed this civil action requesting reversal or remand of that adverse

decision.  Plaintiff argues the Commissioner's decision is not supported by substantial evidence and the ALJ erred by (1) finding Claimant did not meet, medically equal, or functionally equal the severity of one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) relying on erroneous evidence; (3) improperly evaluating Dr. David Cearley's opinion; (4) failing to consider the 504 determination; (5) making incorrect findings on credibility; (6) making incorrect findings for the six domains of functioning; and (7) improperly making her own medical conclusions.  (See doc. no. 10 ("Pl.'s Br."); doc. no. 13 ("Pl.'s Reply Br.").)  The Commissioner maintains the administrative decision is supported by substantial evidence, arguing against all of Plaintiff's enumerations of error.  (See doc. no. 11 ("Comm'r's Br.").)

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is

"more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

III.    DISCUSSION

A.    The Three-Step Sequential Process to Evaluate Disability in Children

A three-step sequential process is used to determine whether a child is disabled.  20 C.F.R. § 416.924.  At the first step, the Commissioner must determine whether the claimant is engaging in substantial gainful activity; if so, the claim is denied.  Id. § 416.924(b).  At the second step, the Commissioner must determine whether the claimant has a severe impairment

or combination of impairments; if the claimant does not have any severe impairments, the claim is denied.  Id. § 416.924(c).  At the third and final step, the Commissioner must determine whether the claimant's impairments meet, medically equal, or functionally equal the Listings. Id. § 416.924(d).  If the claimant does not have an impairment that meets, medically equals, or functionally equals the Listings, he will not be found disabled.  Id. § 416.924(d)(2).

"A child's limitations 'meet' the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment."  Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1279 (11th Cir. 2004).  In order to show that her impairment meets a Listing, a claimant needs to meet all of the specified medical criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify.  Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  "Limitations 'medically equal' the limitations in the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'"  Shinn, 391 F.3d at 1279.  The claimant bears the burden of presenting specific medical findings to show she meets or equals a Listing.  Wilkinson ex rel. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

Plaintiff argues the ALJ erred by concluding Claimant did not meet Listing 101.02 and by failing to consider Listing 101.03, which read as follows:

> 101.02 *Major dysfunction of a joint(s) (due to any cause)*: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 101.00B2b . . . .

101.03 *Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint*, with inability to ambulate effectively, as defined in 101.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset. [1]

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 101.02 & 101.03.  The regulations define "inability to ambulate effectively," listing a general definition, id. at § 101.00B2b(1), and a specific analysis for older children, id. at § 101.00B2b(3), which the Court refers to as "Paragraph Three."

### B.     The ALJ's Decision That Claimant Did Not Meet or Medically Equal a Listing Is Not Supported By Substantial Evidence

Substantial evidence does not support the ALJ's finding that Claimant does not meet Listing 101.02 or 101.03.  The ALJ found Claimant did not meet a listing for her bilateral hip dysplasia, specifically addressing only Listing 101.02:

> The claimant's bilateral hip dysplasia does not meet the requirements of Listing 101.02 because there is no evidence of gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability), chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joints with involvement of one major peripheral weightbearing joint (i.e., hip, knee, or ankle) resulting in inability to ambulate effectively.

R. 22.  Plaintiff argues the ALJ's finding was faulty because there *was* evidence of a gross anatomical deformity—subluxation—and the ALJ never addressed whether Claimant could ambulate effectively using the analysis for older children provided in Paragraph Three.  Pl.'s Br., pp. 13-18.  Plaintiff believes Claimant therefore met Listings 101.02 and 101.03, which both involve the inability to ambulate effectively, and a finding otherwise is not supported by substantial evidence.

---

[1]Though the musculoskeletal listings have since been changed, these versions of Listings 101.02 and 101.03, as well as the definition of effective ambulation in § 101.00B2b, were in effect at the time of Plaintiff's application and the ALJ's decision.  See POMS DI 34221.013 Musculoskeletal Listings from 09/29/16 to 04/01/21.

To meet Listing 101.02, Claimant bears the burden to show the four criteria of the listing: (1) a gross anatomical deformity; (2) chronic joint pain or stiffness; and (3) imaging of joint space narrowing, bony destruction, or ankylosis; and (4) inability to ambulate effectively. Kalishek v. Comm'r of Soc. Sec., 470 F. App'x 868, 870 (11th Cir. 2012) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 101.02). Failure to meet just one of these criteria means Claimant does not meet the listing. Id.; see Sullivan, 493 U.S. at 530; Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991) ("Diagnosis of a listed impairment is not alone sufficient.").

The ALJ stated there was *no* evidence of gross anatomical deformity or joint pain resulting in an inability to ambulate effectively, which is facially inconsistent with the rest of her decision. The record contains evidence of subluxation, a type of gross anatomical deformity, which the ALJ cited when analyzing the domain of moving and manipulating objects. R. 27, 411, 419. There was also evidence of chronic joint pain or stiffness resulting in limited motion in Claimant's hips, which the ALJ also cited during the domain analysis. R. 25, 28; see, e.g., R. 67, 71-72, 650. The ALJ's decision is silent concerning whether the record contains anything that might constitute imaging findings of joint space narrowing, bony destruction, or ankylosis of the affected hip joint, so the Court cannot discern whether the ALJ found that criteria was unsatisfied.

The Commissioner does not directly address in briefing whether Claimant's impairments meet the initial criteria of Listing 101.02. Instead, the Commissioner focuses on the fourth criteria of Listing 101.02, the inability to ambulate effectively, writing, "Assuming without conceding that Claimant's impairments met or equaled the other criteria of these Listings, Plaintiff failed to prove that Claimant satisfied the inability to ambulate effectively criterion." Comm'r's Br., p. 14. The

Commissioner then points to record evidence to show substantial support for the ALJ's decision that Claimant did not satisfy the ineffective ambulation criteria, including evidence Claimant could walk without extreme limitation and without assistive devices.  Id. at pp. 14-17.  However, the Commissioner only analyzes Claimant's ability to ambulate according to the general definition from § 101.00B2b(1), not addressing the broader definition in Paragraph Three applicable to older children such as Claimant, § 101.00B2b(3).[2]  See Comm'r's Br., p. 14.  Likewise, the ALJ's

---

[2]Extreme limitations on the ability to walk and requirement of an assistive device are both part of the general definition of ineffective ambulation in § 101.00B2b(1):

> (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment that interferes very seriously with the child's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 101.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 101.00B2b(1).  In contrast, Paragraph Three provides specific considerations for older children, i.e., children—like Claimant—who are old enough to walk independently, as follows:

> (3) How we assess inability to ambulate effectively for older children. Older children, who would be expected to be able to walk when compared to other children the same age who do not have impairments, must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out age-appropriate activities. They must have the ability to travel age-appropriately without extraordinary assistance to and from school or a place of employment. Therefore, examples of ineffective ambulation for older children include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out age-appropriate school activities independently, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about the child's home or a short distance at school without the use of assistive devices does not, in and of itself, constitute effective ambulation.

Id. at § 101.00B2b(3).

decision omits any direct discussion of Claimant's ability to ambulate effectively other than the conclusory statement quoted at the start of this section.  R. 22.

In that silence, the Court cannot determine whether the ALJ used the correct standard or had substantial evidence supporting her finding that Plaintiff did not satisfy the effective ambulation criteria of Listing 101.02.  See Rosado v. Colvin, No. 14-CV-602-GKF-TLW, 2016 WL 845277, at *4 (N.D. Okla. Mar. 4, 2016) ("The criteria in paragraph (3) cannot be ignored simply because the claimant meets the general definition in paragraph (1).").  The ALJ's assertion that there was "no evidence" of Claimant's condition resulting in inability to ambulate effectively ignores evidence that would seemingly match Paragraph Three's definition of the inability to ambulate effectively.  For example, Paragraph Three asks the ALJ to consider whether a claimant can walk a block at a reasonable pace on uneven surfaces, and there is testimony showing Claimant struggles with uneven surfaces and sometimes cannot walk down the street or to the mailbox because of her conditions.  R. 72, 84.  Paragraph Three also mentions the inability to carry out age-appropriate school activities independently, and there is evidence Claimant struggles to physically keep up with her peers at school and has difficulty running, jumping, and generally moving, which the ALJ noted elsewhere.  R. 25, 58-59, 70-73, 235-39, 313-20.  While the ALJ did discuss and discount the testimonial evidence of Plaintiff and Claimant, that analysis still recognized Claimant's substantial physical limitations, including her altered gait and inability to run and jump.  R. 26-27.

Therefore, substantial evidence does not support the ALJ's finding of *no* evidence.  See Keane v. Comm'r of Soc. Sec., 205 F. App'x 748, 751 (11th Cir. 2006) (*per curium*) (substantial

evidence supports an ALJ's finding of no evidence for a listing when the record indeed contains no evidence).

For the same reasons, the ALJ also erred in finding Claimant did not meet Listing 101.03, which contains three criteria: (1) Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, and (2) the inability to ambulate effectively (3) lasting longer than twelve months. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 101.03. The ALJ never addressed Listing 101.03 in her decision. The AC denied review without substantive comment. The Court recognizes an ALJ's analysis of a listing does not have to be explicit, and "there may be an implied finding that a claimant does not meet a listing" provided substantial evidence supports such a finding. Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986); Turberville ex rel. Rowell v. Astrue, 316 F. App'x 891, 893 (11th Cir. 2009) (per curiam). However, the reconstructive surgery or surgical arthrodesis criteria could potentially be satisfied as Claimant had one such surgery on her hip in January, 2019. R. 455-56, 527-28. The remaining criteria of Listing 101.03 relate to the inability to ambulate effectively, which, as already explained, the ALJ improperly found against. Therefore, substantial evidence does not support an implied finding that Plaintiff does not meet Listing 101.03.

The Court is not substituting its opinion for that of the ALJ here: the Court is simply finding the ALJ's decision ignored both evidence and the proper legal standard to assess Claimant's ability to ambulate effectively, resulting in a legally erroneous decision that is not supported by substantial evidence. See Ingram v. Barnhart, No. CIV.A. 05-0740RMU, 2007 WL 1521040, at *3 (D.D.C. May 22, 2007) (remand when ALJ used incorrect standard to gauge minor claimant's ability to effectively ambulate); Blizzard v. Barnhart, No. 03 CIV. 10301 (GWG), 2005 WL 946728, at *16

(S.D.N.Y. Apr. 25, 2005) (remanding for ALJ's failure to discuss why claimant did not meet Listing 1.02); see also McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986) (ALJ may not ignore or disregard parts of the record); Keane, 205 F. App'x at 751.  The ALJ found no evidence Claimant met Listing 101.02 or 101.03, when in fact there was "sufficient evidence to trigger the requirement that the ALJ explicitly consider [both] listings and Plaintiff's ability to effectively ambulate and explain [her] reasoning." Pyjek v. Comm'r of Soc. Sec., No. 2:16-CV-538-FTM-CM, 2017 WL 2685843, at *11 (M.D. Fla. June 22, 2017).  Without that analysis, the Court cannot determine whether the ALJ properly considered and found against Listings 101.02 and 101.03. See id.; Rosado, 2016 WL 845277, at *6 (without Paragraph Three analysis, court cannot assess whether substantial evidence supports ALJ's decision) (citing Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996)); Andrew S. o/b/o J.S. v. Berryhill, No. 2:18-CV-11, 2019 WL 5288200, at *10 (D. Vt. Oct. 18, 2019) (same).  The ALJ might still find Claimant does not meet either listing upon remand, but the ALJ must do so with clarity, properly addressing the Paragraph Three criteria if necessary.

As such, remand is warranted.  The Court need not reach Plaintiff's remaining contentions.  See Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1066 n.4 (11th Cir. Nov. 3, 2021) (offering no opinion on all alleged errors where remand required on two of four issues but instructing on remand, "the ALJ is to reconsider [claimant's] claim based on entire record").  Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the three-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 1st day of June, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA