IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BEVERLY PEACE, As Legal Guardian and Next of Friend of OKP, a Minor Child, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 121-136 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. no. 18.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorneys' fees be **GRANTED**, and Plaintiff be **AWARDED** attorneys' fees in the amount of $11,310.62 and expenses in the amount of $66.17.

**I.  DISCUSSION**

On June 23, 2022, Chief United States District Judge J. Randal Hall granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) and judgment was entered in Plaintiff's favor. (Doc. nos. 14, 16, 17.) Plaintiff now requests $11,832.70 in attorneys' fees and $66.17 in expenses for 55.2 hours of attorney work and 6.6 hours of paralegal work. (Doc. no. 18, p. 4; doc. no. 18-1, p. 2.) The Commissioner argues to reduce the number of attorney hours to no more than 35, or, alternatively, to reduce the claimed hours by twenty-five percent

because the claimed attorney fees are excessive. (Doc. no. 19, p. 6.) The Commissioner also requests a total elimination of the paralegal hours. (Id.) In response, Plaintiff proposes decreasing the total attorney hours worked by 2.5, and lowering the fees to $11,310.62 with expenses of $66.17. (Doc. no. 21, p. 2.)

   A.   **Plaintiff's Claimed Fees Are Reasonable**

"Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States." Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010). However, the Court may review the requested fee for reasonableness, and the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988); Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988). Further, the EAJA establishes that reasonable attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(2)(A).

After careful review of the pleadings, administrative record, legal briefs, time sheets attached to Plaintiff's motion, (doc. no. 18-1), the Court finds the amended attorneys' fee request of 52.7 hours to be reasonable. While 52.7 attorney hours may be on the high end of a typical social security appeal,[1] counsel drafted a comprehensive brief and reply brief that exhaustively explored every ground for appeal that could be raised in good faith. (Doc. nos. 10, 13.) While another attorney may not have chosen to make all of these arguments, the Court

---

[1] As Plaintiff initially requested fees for 55.2 hours of work, then decreased his request by 2.5, he now only requests fees for 52.7 hours. (See doc. no. 18-1, p. 5; doc. no. 21, p. 2.)

will not penalize counsel for being thorough, especially as the briefs convinced the Court to remand. Any critique of counsel's decision to use outdated case law for one section of his brief is remedied by his offer to decrease the fee request by 2.5 hours. Further, an hourly rate of $205.23 is appropriate based on a cost-of-living adjustment under 28 U.S.C. § 2412(2)(A). See Fails v. Kijakazi, No. CV619-046, 2022 WL 1572257, at *2 (S.D. Ga. May 4, 2022) (affirming hourly rate of $205.60 as reasonable and supported), *adopted by* 2022 WL 1569310 (S.D. Ga. May 18, 2022). Plaintiff is therefore entitled to $10,815.621 in fees for the number of attorney hours worked.

### B.    Plaintiff is Entitled to Compensation for the Paralegal Hours

Paralegal hours are recoverable as part of attorneys' fees when "only to the extent that the paralegal performs work traditionally done by an attorney." Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1998). The EAJA does not allow for any compensation at paralegal or attorney rates for clerical tasks or tasks that do not require the full exercise of an attorney's education and judgment. See Mobley v. Apfel, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("[T]asks of a clerical nature are not compensable as attorney's fees . . . under the EAJA."); Clover v. Colvin, CV 314-154, doc. no. 26 (S.D. Ga. Aug. 29, 2016) (holding plaintiff not entitled to attorneys' fees for clerical tasks). Non-compensational clerical tasks that do not require a lawyer's skill or expertise might include copying, mailing, and filing documents; calendaring; some client communication and correspondence; service of process; and preparation of standard forms. See, e.g., Troy B. v. Comm'r, Soc. Sec. Admin., No. 1:19-CV-5503-JSA, 2022 WL 3337618, at *3 (N.D. Ga. Feb. 16, 2022); Lewis v. Colvin, No. 1:15-CV-1483-WSD, 2017 WL 2350211, at *2 (N.D. Ga. May 31, 2017); Thomas v. Astrue, No. 7:09-CV-52 HL, 2012 WL 2343755, at *2 (M.D. Ga. June 20, 2012); Kim v. Barro, No. 1:08-CV-3688-TWT,

3

2009 WL 1616271, at *4 (N.D. Ga. June 9, 2009)

Here, the Commissioner challenges 6.6 hours of worked billed by paralegals, itemized as follows:

| | |
|---|---|
| Meet with Client and Prepare Declaration to Proceed IFP | 0.5 hrs. |
| Prepare, File, & Serve Petition for Review | 0.4 hrs. |
| Proof Read Brief and make corrections | 1.1 hrs. |
| Proof Read Changes to Brief | 1.2 hrs. |
| Proof Read and File Brief on Pacer | 0.8 hrs. |
| Prepare and File Notice of Intent to file Reply | 0.6 hrs. |
| Proof read and file Reply Brief on Pacer | 2 hrs. |

(See doc. no. 18-1, pp. 4-5.) These tasks are not merely clerical, and Plaintiff is entitled to compensation at a $75.00 per hour paralegal rates for the full 6.6 hours, which is $495.00.

**C.    The Fees Are Payable to Plaintiff**

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has been followed in this District. See Shank v. Berryhill, CV 116-030, doc. no. 20 (S.D. Ga. May 24, 2017) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (same); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court recommends awarding the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the

discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, No. 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

## II.  CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorneys' fees be **GRANTED**, (doc. no. 18), Plaintiff be **AWARDED** attorneys' fees in the amount of $11,310.62 and expenses in the amount of $66.17.

SO REPORTED and RECOMMENDED this 13th day of September, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA